SAM GLASSCOCK III
VICE CHANCELLOR

**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: July 18, 2014
Date Decided: July 22, 2014

Seth D. Rigrodsky
Brian D. Long
Gina M. Serra
Jeremy J. Riley
Rigrodsky & Long P.A.
2 Righter Parkway, Suite 120
Wilmington, Delaware 19803

Stephen C. Norman
Peter J. Walsh, Jr.
Tyler J. Leavengood
Potter Anderson & Corroon LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, Delaware 19801

Re: *Cook v. Whitman*,
Civil Action No. 9458-VCG

Dear Counsel:

This matter involves claims brought derivatively, purportedly on behalf of Hewlett-Packard Co. ("Hewlett-Packard"). Before me is the Plaintiff's July 16, 2014 letter request to schedule oral argument on the Defendants' pending Motion to Dismiss or Stay (the "Motion to Stay") "promptly in advance" of an August 21, 2014 hearing for preliminary approval of a proposed settlement of a related derivative action before a California district court.[1] In his letter, the Plaintiff "respectfully request[s] that a hearing on the Stay Motion be scheduled in advance of August 21, 2014 because, *inter alia*, the settlement of the California Action would purport to release valuable claims asserted against [Hewlett-Packard's]

---

[1] The California action consolidates a number of independently-filed derivative suits.

current and former officers and directors, all of whom are also named as defendants in this Action . . . ."[2] According to the Plaintiff, although he will be afforded an opportunity at the August 21 hearing to oppose the proposed settlement at issue, if the district court decides to preliminarily approve the settlement, that court will likely issue an order enjoining him from pursuing this litigation. Further, the Plaintiff contends that a favorable decision in this Court would provide him useful leverage in opposing the settlement before the California court. The Motion that the Plaintiff seeks to expedite is not yet fully briefed. The Plaintiff is in the peculiar position of seeking expedition of a Motion he opposes; the Defendants oppose expedition, and have requested suspension of the briefing schedule on the Motion to Stay in light of the pending settlement of the California action. The Plaintiff's request for expedition was presented at telephonic oral argument on July 17, 2014. I declined to decide the parties' requests from the bench in order to review the Plaintiff's Answering Brief in Opposition to the Motion to Stay, from which I was unaccountably blocked from electronic access. This Letter Opinion is the result.

This action and the California action involve allegations of breach of fiduciary duty in connection with the acquisition of Autonomy Corporation plc by Hewlett-Packard in 2011. In both Delaware and California, the plaintiffs seek to

---

[2] Pl.'s July 16, 2014 Letter to Court at 2.

2

act derivatively on behalf of Hewlett-Packard. The Defendants have moved here to stay or dismiss this action in favor of the earlier-filed California action. It is the resolution of that Motion that the Plaintiff seeks to expedite. This Court stands ready to expedite matters in the interest of equity and justice, and will do so where a colorable claim is presented and the burdens of expedition are outweighed by the harm to the parties that may result from delay.[3] Because the Plaintiff has not presented a persuasive basis for expediting a decision on the Defendants' Motion to Stay, I decline to do so.

The Plaintiff represents that his Complaint in this action is superior to those filed in California, and that the Motion to Stay should be denied. Even if true, a decision from this Court on the Defendants' Motion will not bind the California court in its evaluation of the reasonableness of the proposed settlement. Rather, the Plaintiff conceded at oral argument that his basis for requesting expedition is that "if this Court enters an order . . . deny[ing] the Motion to Stay, we believe that the federal court in California, which is unaware of the allegations that have been raised in this case, the unique allegations and claims that have been raised . . . that may well bear on the federal Court's decision in California as to whether to preliminarily approve this settlement."[4] Essentially, the Plaintiff requests an

---

[3] *See Cnty. of York Emps. Ret. Plan v. Merrill Lynch & Co., Inc.*, 2008 WL 4824053, at *6 (Del. Ch. Oct. 28, 2008).

[4] July 17, 2014 Oral Arg. Tr. 13:4-11.

expedited decision in the belief that, if my decision on the Motion to Stay is favorable to him, he may find that decision useful to leverage a favorable decision at the California preliminary settlement hearing. My decision on the Motion to Stay, of course, will have no preclusive effect on the California court, nor will it directly bear on the fairness of the proposed settlement there. The Plaintiff concedes that he will have a full opportunity at the preliminary settlement hearing and thereafter to argue to the California court that the proposed settlement is unfair because it would terminate claims in this action not litigated in California. The Plaintiff believes that a favorable ruling here, based on a finding of insufficient identity of claims to support a stay of the Delaware action, might have some persuasive value in his argument in California. It might. A finding that this matter should be stayed would presumably cut the other way. It is not, however, generally the purpose of this Court to act as a stalking horse for issues that a sister court will have before it, and which that court is perfectly qualified to resolve. More to the point, expedited litigation here, or indeed any continued briefing of the Motion to Stay, would risk waste of limited judicial and litigants' resources in light of the pending settlement of the matter in California, which has a reasonable likelihood of staying, if not terminating, litigation here.

Because the harm the Plaintiff will suffer in the absence of an expedited decision, if any, does not outweigh the costs of expedition, I deny the Plaintiff's

4

request. In addition, I grant the Defendants' request to stay submission of their Reply Brief in Support of the Motion to Stay pending the resolution of the issues presented at the August 21 hearing in the California action.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III